IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OCIE ROBINSON, # 108238, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv541-TMH |
| | ) | (WO) |
| GRANT CULLIVER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Ocie Robinson ("Robinson"), an Alabama prisoner serving a term of life imprisonment without possibility of parole, filed this petition for habeas corpus relief challenging the state proceedings that resulted in the denial of his motion for reduction of sentence filed under Ala. Code § 13A-5-9.1.[1]  Robinson asserts that he was denied due process and equal protection of the law when his motion for reduction of sentence was denied.  Robinson filed his habeas petition with this court on the form used for filing petitions for habeas corpus relief under 28 U.S.C. § 2254.  However, because Robinson does

_____

[1]Through § 13A-5-9.1, the Alabama legislature amended the state habitual offender statute such that trial judges were granted authority to retroactively consider early parole sentences for nonviolent convicted offenders based on evaluations performed by the Alabama Department of Corrections and approved by the Board of Pardons and Paroles, provided that such offenders had no prior Class A felony convictions.  In *Kirby v. State*, 800 So.2d 969, 971-72 (Ala. 2004), the Alabama Supreme Court held that Alabama trial courts have the authority to consider prisoners' motions for reduction of sentence under that statute.  Robinson filed his motion for reduction of sentence under § 13A-5-9.1 in his court of conviction.  The state court denied the motion.

not challenge the validity of a conviction or sentence, this court has concluded that his action would proceed more appropriately as a petition for habeas corpus relief under 28 U.S.C. § 2241.

## DISCUSSION

In general, a petition for habeas corpus relief under 28 U.S.C. § 2241 must be filed in the federal district court for the district in which the petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984). Robinson is incarcerated at the Holman Correctional Facility, in Atmore, Alabama. This correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination..[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama

---

[2]A decision on Robinson's application for *in forma pauperis* status is reserved for ruling by the United States District Court for the Southern District of Alabama.

for all further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 18, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 5th day of August, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

3