IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OCIE ROBINSON, # 108238, )<br>)<br>Petitioner, )<br>)<br>v )<br>)<br>GRANT CULLIVER, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:08cv541-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed on July 3, 2008, by Alabama prisoner Ocie Robinson ("Robinson").[1]  Robinson is currently serving a sentence of life without parole, imposed in 1986 by the Circuit Court of Montgomery County, Alabama.  At the time of his 1986 conviction, Robinson had three prior felony convictions.  Under the Alabama habitual offender law then in effect, Robinson's sentence of life without parole was mandatory, with the sentencing judge permitted no discretion.  *See* Ala. Code 1975 § 13A-5-9(c)(3).

> The Alabama legislature subsequently amended § 13A-5-9, such that trial judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the

---

[1] Although this petition was date-stamped "received" in this court on July 9, 2008, it was signed by Robinson on July 3, 2008.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

Alabama Department of Corrections ("DOC") and approved by the Board of Pardons, provided that such offenders had no prior Class A felony convictions. The Alabama Supreme Court recently held in *Kirby v. State*, 899 So.2d 968, 971-72 (Ala. 2004), that Alabama trial courts now have authority to consider prisoners' motions for reduction of sentence under that statute....

Under the [amended] Alabama Habitual Felony Offender Act ("AHFOA"), in all cases when it is shown that a criminal defendant has been previously convicted of any three felonies, none of which are Class A felonies, and after such convictions has committed another felony, which is a Class A felony, such defendant must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court. Ala. Code 1975 § 13A-5-9(c)(3).  In 2001, the Alabama legislation adopted a statute which provided as follows:

> The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3), described above,] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala. Code 1975 § 13A-5-9.1.

....

[In *Kirby*], the Alabama Supreme Court held that "§ 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion."  *Kirby*, 899 So.2d at 971.  The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of §13A-5-9 retroactively to 'nonviolent convicted offenders'."  *Id.*   Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board.  *Id.* at 974.

*Curry v. Culliver*, 141 Fed.Appx. 832, 833-834 (11th Cir. 2005) (unpublished).

Robinson filed a motion for reduction of sentence under § 13A-5-9.1 with the Montgomery County Circuit Court.[2]  After that court denied his motion, Robinson filed this federal habeas petition.  In his petition, Robinson claims that he qualifies for a sentence reduction under § 13A-5-9.1 and that the trial court's denial of his motion constituted a denial of due process and equal protection of the law.  *See Attachment to Habeas Petition* (Doc. No. 1-2) at pp. 1-2.  Upon review of the claims presented by Robinson and in light of applicable federal law, the court concludes that Robinson is not entitled to federal habeas relief.

## II.  DISCUSSION

### A.  Due Process

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis added).  "'A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'  *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted)."  *Curry*, 141 Fed.Appx. at 834.  Robinson asserts that he has been denied due process by the state court's denial of his motion for reduction of sentence because he has

---

[2]The exact date of that filing is not apparent from Robinson's habeas petition.

3

"met the criteria" for a reduction under § 13A-5-9.1 laid down by the Alabama Supreme Court in *Kirby*. *Attachment to Habeas Petition* (Doc. No. 1-2) at p. 2. "This is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. *See Carrizales*, 699 F.2d at 1055." *Curry*, 141 Fed.Appx. at 834.

### B.  Equal Protection

Robinson makes the conclusory assertion that the trial court acted in violation of his equal protection rights in denying the motion for reduction of sentence, because "similar situated and/or worse situated prisoners throughout the State of Alabama have been granted a sentence reduction under § 13A-5-9.1" *Attachment to Habeas Petition* (Doc. No. 1-2) at p. 2.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the petitioner must demonstrate the existence of discriminatory intent; arbitrary action without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

[O]fficial action will not be held unconstitutional solely because it results in

4

> a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where an inmate challenges actions of a state court judge, exceptionally clear proof of discrimination is required. *Cf. Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of convicted felons, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty, supra.*; *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Robinson fails to meet his pleading burden, as he does not contend that the state judge subjected him to adverse treatment based on some constitutionally impermissible reason nor has he identified any other similarly situated inmate who received more favorable treatment from the state court. In short, Robinson sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the purely conclusory legal assertion that the denial of his motion for reduction of sentence deprived him of equal protection. This assertion fails to set forth a viable equal protection claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that:

1. The petition for habeas corpus relief filed by Robinson be DENIED.

2. This case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 21, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

7